UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | Case No. 3:21-cr-00366-S |
| YAROSLAV VASINSKYI (1) | | |

**WAIVER OF DETENTION HEARING**

I understand that I have been charged in federal court with:

1) ✓ an indictment that accuses me of committing an offense or offenses, or

2) __ a criminal complaint that accuses me of committing an offense or offenses, or

3) __ a petition that accuses me of violating a term or terms of my supervised release, or

4) __ a petition that accuses me of violating a term or terms of my pretrial release.

I understand the government made a "detention motion" to the U.S. Magistrate Judge asking that I be kept in custody. The U.S. Magistrate judge explained that I have a right to a "detention hearing" to fight the government's motion. I wish to waive my right to a detention hearing at this time. I know that waiving my right to a detention hearing will cause the U.S. Magistrate Judge to grant the government's motion for detention and order that I be kept in custody. However, I reserve my right to ask for a detention hearing later:

1) ✓ pursuant to the Bail Reform Act, including 18 U.S.C. § 3142(f)(2)[1] and (i)[2]; and/or

2) __ if I am released from state custody.

DATED this 9th day of March, 2022

_____                                   _____
Defendant                                                                Attorney for Defendant

---

[1] *See United States v. Stanford*, 367 F. App'x 507, 510 (5th Cir. 2010) (unpublished) ("We have interpreted this standard as asking whether any 'new' information was presented.")

[2] *See United States v. Parker*, 848 F.2d 61, 63 (5th Cir. 1988) ("a judicial officer may subsequently order the temporary release of the detainee to the extent the judicial officer determines such release to be necessary for preparation of the person's defense.")