IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO.   3:21-CR-366-S |
| v. | |
| Yaroslav Vasinskyi (01)<br>    a/k/a Profcomserv<br>    a/k/a Rabotnik<br>    a/k/a Rabotnik_New<br>    a/k/a Yarik45<br>    a/k/a Yaroslav2468<br>    a/k/a Affiliate 22 | |

## UNOPPOSED MOTION FOR A PROTECTIVE ORDER
## GOVERNING DISCLOSURE OF DISCOVERY MATERIALS

Pursuant to Rules 16 and 49.1(e) of the Federal Rules of Criminal Procedure, the government files this Unopposed Motion for a Protective Order Governing Disclosure of Discovery Materials to protect individually identifiable information, to protect an ongoing criminal investigations, maintain the integrity of the judicial process, and to promote timely resolution of this case.    Specifically, the government proposes:

a)    Discovery Materials shall not be further disseminated[1] by the defendant or his counsel of record to any individuals, organizations or other entities, other than: (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and

---

1 "Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

administrative staff) and (ii) experts retained to assist in the preparation of the defense or determine if a plea of guilty is appropriate.

b)    No Discovery Material shall be disseminated to any member of the defense team, as defined above, expert witnesses retained by the defense team, or any duly authorized witness unless that person shall first have signed the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order.   The signed Acknowledgment shall be filed with the Court under seal.   The substitution, departure, or removal for any reason from this case of counsel for the defendant, or anyone associated with the defense team shall not release that person from the provisions of this Order or the Acknowledgement executed in connection with this Order.

c)    Defense counsel shall advise any person to whom the discovery materials are disclosed in accordance with this Order that further disclosure or dissemination is prohibited without defense counsel's express consent.

d)    Notice of proposed dissemination to defense experts shall be provided to the Court *ex parte* and under seal.   Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of

record or co-counsel. The government shall provide copies of any Discovery Material appropriately so marked.

e)   Discovery Material shall not be maintained by the defendant, nor be in the sole physical custody of the defendant, nor shall the defendant be permitted to make notes of the content of said materials and keep such notes with him or disperse such notes or the contents thereof to anyone other than his attorney or members of his attorney's staff.

f)   Defense counsel shall store all Discovery Materials, and any copies thereof, in a secure place at all times.

g)   The Discovery Materials in this case are now and will forever remain the property of the United States Government.   At the conclusion of this case, all Discovery Materials shall be destroyed or maintained under secure conditions by defense counsel.   Upon written request of the Government, all Discovery Materials shall be returned to the Government.

<u>Background</u>

On or about August 11, 2021, a sealed Indictment was returned against the defendant in the Northern District of Texas ("NDTX").   (Dkt. 1).   As detailed in the Indictment, the charges concern a large scale ransomware scheme where victims located both inside and outside of the United States were attacked.   (Dkt. 1).   In or about October 2021, the defendant was arrested for the charges contained in the Indictment. On or about March 4, 2022, the defendant was extradited to the United States and first

brought to the Northern District of Texas.   Thereafter, an initial appearance and arraignment were held in the defendant's case.   (Dkts. 17-23).   Trial has been scheduled for May 9, 2022.   (Dkt. 24).   On March 17, 2022, counsel for the defendant requested all Rule 16 discovery from the government via telephone.

Due to the nature of the charged offenses, the discovery in this case is sizeable. The government has notified defense counsel that counsel will need to provide a 2 terabyte hard drive to the government so a copy of the copiable materials may be provided to counsel.   The discovery materials contain personal identifying information for uncharged individuals and entities.   The discovery materials (which relate to the underlying investigation of the defendant) also include information about other conspirators who have not been charged.

Nonetheless, to facilitate the timely resolution of the case, the government intends to provide copies of a vast majority of the copiable discovery materials[2] in its possession to defendant's counsel, including that which identifies/concerns yet to be arrested conspirators, but will only be able to do so if it can be assured that the materials are adequately protected.   Accordingly, to safely and timely facilitate the discovery in this case, the government seeks the proposed protective order.

---

2    Some of the government's discovery materials are not able to be copied based upon the nature of the materials. Further, some of the government's discovery materials are sensitive in nature.   Therefore, materials falling into either category will be made for viewing.

**Government's Unopposed Motion for a Protective**
**Order Governing Disclosure of Discovery Materials - Page  4**

Authority for a Protective Order

This Court possesses the express authority to enter protective orders to handle all matters of a private or sensitive nature.    Fed. R. Crim. P. 16(d) (discovery protective orders); 49.1(e) (protective orders concerning matters of privacy and personal information).    Specifically, Rule 16(d)(1) permits courts to enter protective orders that deny, restrict, or defer discovery or inspection, or grant other appropriate relief for good cause.    *Id*.    Indeed, "[a] trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the [surveillance] materials which they may be entitled to inspect."    *Alderman v. United States*, 394 U.S. 165, 185 (1969).

Conclusion

The government requests that the Court enter a protective order limiting the disclosure of discovery materials in this case as described above.    The government believes these proposed restrictions constitute the least restrictive measures available to protect the various interests involved in this case, including the defendant's interest in full and efficient discovery.    The compelling interests of protecting the discovery in this case based upon the nature of the charges constitutes more than adequate good cause to enter the requested protective order.    Further, the defendant does not oppose this motion.

Respectfully submitted,

CHAD E. MEACHAM
United States Attorney

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Assistant United States Attorney
Florida Bar No. 0193968
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-.659-8600
Facsimile: 214-659-8805
Email: Tiffany.Eggers@usdoj.gov

## CERTIFICATE OF CONFERENCE

On March 21, 2022, counsel for the defendant, Mr. Kabzan notified the government that he does not oppose the motion and proposed order.

*s/   Tiffany H. Eggers*
TIFFANY H. EGGERS
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March 2022, this document was filed via the Court's CM/ECF system and that counsel of record will receive a copy of the document via electronic delivery.

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Assistant United States Attorney